IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:18-CR-165-TAV-HBG |
| TYLER BRANDON HENRY, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge as may be appropriate. This case is before the undersigned on the United States' Motion to Amend the Indictment [Doc. 14], filed on November 16, 2018. Defendant Henry was initially charged by Criminal Complaint [Doc. 1]. On October 16, 2018, the grand jury returned an Indictment [Doc. 2], charging the Defendant with escape from the Midway Rehabilitation Center, where he was confined following a conviction for an oxycodone conspiracy. The Government asks to correct the statutory citation for the Defendant's prior conviction to "Title 21" from "Title 18." It maintains that the change will correct a typographical error; is a correction to the form, rather than the substance of the Indictment; and will not alter the charge against the Defendant. The motion states that defense counsel does not object to the proposed amendment of the Indictment.

The purpose of an indictment by a grand jury is "to limit [an individual's] jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge." *Stirone v. United States*, 361 U.S. 212, 218 (1960). An indictment returned

by a grand jury preserves three constitutional rights held by the accused: (1) the right to fair notice of the charges, (2) the protection against double jeopardy, and (3) the right to have a grand jury find probable cause for felony charges. *Russell v. United States*, 369 U.S. 749, 763-70 (1962). In light of these protections, it is "the settled rule in in the federal courts that an indictment may not be amended except by resubmission to the grand jury, unless the change is merely a *matter of form*." *Id.* at 770 (emphasis added); *see also Faust v. United States*, 163 U.S. 452, 454 (1896) (affirming the denial of a motion to quash the indictment for the misspelling of the defendant's name). Our appellate court has upheld an amendment of an indictment to correct a clerical error as a change that is a "matter of form." *Short v. United States*, 471 F.3d 686, 693 (6th Cir. 2006); *see also United States v. Rosenbaum*, 628 F. App'x 923, 929-30 (6th Cir. 2015) (affirming three amendments to the indictment—the name of a credit card company, the date, and the name of a loan package—because they were clerical errors), *cert. denied*, 136 S. Ct. 866 (2016).

      The Court finds that changing the number of the title in the statutory citation for the Defendant's prior conviction is a correction that is a "matter of form." Moreover, this amendment to the Indictment does not alter the terms of the charge against Defendant Henry. *United States v. Lake*, 985 F.2d 265, 271 (6th Cir. 1993) (determining that the court's correction of a typographical error in a citation to a statute "did not constitute an impermissible amendment of the indictment because it did not alter the charging terms"). The Court finds that the change proposed by the Government does not prejudice the Defendant, who is aware of the conviction for which he was detained at Midway from both the naming of the offense in the Indictment and the reference to the prior case number in the affidavit supporting the Criminal Complaint [Doc. 1]. Finally, the Court observes that defense counsel represents that the Defendant has no objection to

the correction. *See Short*, 471 F.3d at 695 (observing that a defendant may waive the right to an indictment by a grand jury).

The Court finds the Motion to Amend the Indictment is well taken, and it [**Doc. 14**] is **GRANTED**. The Court **ORDERS** that "Title 18" be amended to "Title 21" in the Indictment. The Government is **DIRECTED** to file an amended Indictment within thirty (30) days of the entry of this Memorandum and Order.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge